**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LaSEAN JACKSON, | ) | |
| #M20920, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 17−cv−00057−MJR |
| vs. | ) | |
| | ) | |
| KIMBERLY BUTLER, | ) | |
| JOHN BALDWIN, | ) | |
| BRUCE RAUNER, | ) | |
| and UNKNOWN PARTY, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, Chief District Judge:**

Plaintiff LaSean Jackson is currently incarcerated at Menard Correctional Center ("Menard"). Proceeding *pro se*, Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights during a strip search and cell shakedown conducted by the Orange Crush Tactical Team at Menard on April 1, 2016. (Doc. 1, pp. 1-19). He claims that the manner in which the strip search and cell shakedown were conducted violated his rights under the Eighth and Fourteenth Amendments. *Id.* In connection with these claims, Plaintiff names Bruce Rauner, the Governor of Illinois; John Baldwin, the Director of the Illinois Department of Corrections ("IDOC"); Kimberly Butler, the Warden of Menard; and John Doe, the unknown Orange Crush Tactical Team member who was responsible for the search and escort of Plaintiff. (Doc. 1, p. 1). He seeks declaratory judgment and money damages. (Doc. 1, pp. 16-17).

The Complaint (Doc. 1) is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

      (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

      (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

      (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## <u>Complaint</u>

On April 1, 2016, the Orange Crush Tactical Team conducted a shakedown of Menard's East Cell House. (Doc. 1, pp. 1, 5). Each tactical team member wore a helmet and an orange suit with no nametag or number. (Doc. 1, pp. 1, 8). As a result, it was virtually impossible to identify the individuals involved in the shakedown. *Id*.

One such individual, referred to herein as "John Doe," entered Plaintiff's cell and ordered him to remove his clothing for a full body inspection. (Doc. 1, pp. 2, 5). Plaintiff complied. *Id*.

Doe then ordered Plaintiff to "bend over and spread his 'cheeks.'"  (Doc. 1, pp. 2, 6).  Plaintiff also complied with this order.  *Id*.  As he did so, Doe blew into Plaintiff's buttocks.  *Id*.  Plaintiff promptly screamed, "What the fuck!"  (Doc. 1, p. 6).  Doe responded by ordering him to "put [his] fucking clothes on, and face the back of the cell."  *Id*.  When Plaintiff did so, Doe removed Plaintiff from his assigned cell and escorted him to the prison's chapel, ordering him to keep his head and eyes down at all times.  *Id*.  Plaintiff remained in the chapel during the shakedown of the East Cell House.  (Doc. 1, p. 2).

Once it was over, Doe escorted Plaintiff back to his cell.  (Doc. 1, pp. 2, 6).  In the process, Doe repeatedly grabbed and squeezed Plaintiff's buttocks, penis, and testicles.  *Id*.  At the same time, he directed profane and vulgar language toward Plaintiff.  (Doc. 1, p. 2).  When Plaintiff attempted to look in Doe's direction, Doe slapped and shoved his head down so far that Plaintiff's chin hit his chest.  (Doc. 1, pp. 2, 6).  The entire incident lasted approximately 2 hours. (Doc. 1, p. 7).

Plaintiff alleges that the policy, custom, or practice of the Orange Crush Tactical Team was to use the same officer to conduct the strip search, the escort, and the cell shakedown.  (Doc. 1, pp. 7-8).  Plaintiff also alleges, upon information and belief, that each officer was required to complete a shakedown slip that disclosed the officer's last name, badge number, and place of employment.  (Doc. 1, p. 8).  Following Plaintiff's strip search and cell shakedown, Doe failed to complete the slip, omitting his name, badge number, and place of employment from it.  *Id*.

Plaintiff filed an emergency grievance to complain about the sexually and physically abusive strip search, escort, and shakedown.  (Doc. 1, pp. 2, 9).  Warden Butler ignored the grievance.  (Doc. 1, pp. 3, 9).  Plaintiff claims that the warden did so to "cover up" her knowledge of the incident.  *Id*.  Director Baldwin allegedly knew about the Orange Crush

Tactical Team's policies, customs, and practices, including its frequent use of sexual and physical abuse, but the director turned a blind eye to these practices. (Doc. 1, p. 9). More specifically, Plaintiff asserts the Director Baldwin was aware of the strip search and shakedown that occurred at Menard on April 1, 2016, and he approved it. *Id.* Finally, he names Governor Rauner as a responsible party, based on his knowledge of past lawsuits on this subject. (Doc. 1, p. 10).

Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15607. (Doc. 1, p. 11). His complaint was not properly investigated, and Doe was not punished. (Doc. 1, p. 11). He asserts no claim under the PREA in this case.[1]

Plaintiff instead brings claims against the defendants under the Eighth and Fourteenth Amendments. (Doc. 1, pp. 11-16). This includes an Eighth Amendment claim against Doe for the unauthorized use of force, including his use of malicious and sadistic punishment. (Doc. 1, pp. 12-13). This also includes an Eighth Amendment claim against Warden Butler, Director Baldwin, and Governor Rauner for turning a blind eye to these practices and failing to intervene and protect Plaintiff from the constitutional violations that occurred on April 1, 2016. (Doc. 1, pp. 14-16).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

---

[1] Courts considering the issue have found that the PREA does not support a private cause of action. *See Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described in Plaintiff's Complaint).

**Count 1 -**     Fourth Amendment claim against Defendant Doe for subjecting Plaintiff to a humiliating and abusive strip search and escort during the Orange Crush Tactical Team's shakedown of Menard's East Cell House on April 1, 2016.  ("Count I," Doc. 1, pp. 11-12).

**Count 2 -**     Eighth Amendment claim against Defendant Doe for subjecting Plaintiff to a humiliating and abusive strip search and escort during the Orange Crush Tactical Team's shakedown of Menard's East Cell House on April 1, 2016.  ("Count II," Doc. 1, pp. 13-14).

**Count 3 -**     Eighth Amendment claim against Defendants Butler, Baldwin, and Rauner for condoning and/or approving the Orange Crush Tactical Team's policies, practices, or customs and for failing to intervene and stop the deprivation of Plaintiff's constitutional rights on April 1, 2016.  ("Count III" and "Count IV," Doc. 1, pp. 14-16).

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merits.

## Count 1

The Complaint supports no claim under the Fourth Amendment.  Plaintiff was a prisoner at the time of the strip search and cell shakedown that occurred at Menard on April 1, 2016. Therefore, his claims arise under the Eighth Amendment and not the Fourth Amendment, as discussed in more detail below.  *May v. Trancosco*, 412 F. App'x 899, *3 (7th Cir. 2011) (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995)).  For this reason, Count 1 shall be dismissed with prejudice.

## Count 2

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. CONST., amend. VIII.  It is applicable to the states through the Fourteenth Amendment.[2]  The intentional use of excessive force by prison guards against an inmate without penological justification violates the

---

[2] Although Plaintiff alludes to a claim under the Fourteenth Amendment in his Complaint, he does not actually assert one, and upon review the Court finds no viable independent Fourteenth Amendment claim. Therefore, any such claim should be considered dismissed without prejudice from this action.

proscription against cruel and unusual punishment under the Eighth Amendment and is actionable under § 1983.  See *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

When considering whether the allegations in a prisoner's complaint state an excessive force claim, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  See *Davis v. Wessel*, 792 F.3d 793, 804 (7th Cir. 2015) (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). When a complaint refers to an excessive force claim, it is typically in the context of "rough or otherwise improper handling that causes excessive pain or other harm."  *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).  However, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can [also] violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Id*. at 643 (citing *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009); *Calhoun v. DeTella*, 319 F.3d 936, 939-40 (7th Cir. 2003);  *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schneider*, 105 F.3d 857, 860-61 (2d Cir. 1997)).  In fact, sexual offenses may involve no touching at all.  *Washington*, 695 F.3d at 643.

The allegations as a whole suggest that Defendant Doe conducted the strip search and escort of Plaintiff in a manner meant to humiliate him, rather than to maintain order and discipline.  According to the Complaint, Defendant Doe gratuitously grabbed and squeezed Plaintiff's genitals and blew air into his anus during the strip search and escort that occurred over the course of 2 hours on April 1, 2016.  He used profane and harassing language in the process.

Plaintiff allegedly complied with every order of the defendant, while also expressing his objections to the manner in which the search and escort were conducted, to no avail.

Under the circumstances, the Court cannot dismiss Count 2 against Defendant Doe at this time. However no other defendants are named in connection with this claim, and Count 2 shall be dismissed with prejudice against all other defendants for failure to state a claim upon which relief may be granted.

## Count 3

The Court will allow the related Eighth Amendment claim to proceed against Warden Butler and Director Baldwin, both of whom allegedly knew of and/or condoned the practices of the Orange Crush Tactical Team and strip search and cell shakedown that occurred in Menard's East Cell House on April 1, 2016. A defendant cannot be held liable under § 1983 under a theory of *respondeat superior*, or supervisory liability. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). To be held liable, an "individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). However, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). The Complaint suggests that both of these defendants approved Doe's conduct. Therefore, Count 3 shall receive further review against Warden Butler and Director Baldwin.

Plaintiff's allegations against Governor Rauner are too thin to support a claim, even at screening. He merely alleges that this defendant should have known about the practices of the

Orange Crush Tactical Team based on past lawsuits.  However, no allegations in the Complaint suggest that Governor Rauner knew of or approved the strip search and cell shakedown conduct in Menard's East Cell House on April 1, 2016.  The Complaint includes insufficient allegations of this defendant's personal involvement in the deprivation of Plaintiff's constitutional rights. Accordingly, Count 3 shall be dismissed with prejudice against Governor Rauner.  The claim shall also be dismissed with prejudice against Doe because he is not named in connection with Count 3.

### Identification of Unknown Defendant

Plaintiff will be allowed to proceed with his Eighth Amendment claim in Count 2 against "John Doe," the unknown member of the Orange Crush Tactical Team who was involved in Plaintiff's strip search, escort, and cell shakedown on April 1, 2016.  However, the individual must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have an opportunity to engage in limited discovery in order to ascertain the identity of those defendants.  *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009).  In this case, Plaintiff may use the discovery process to identify this defendant.  *Id*.  The Warden of Menard will be added as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying this individual with specificity.  Guidelines for discovery aimed at identifying the unknown party will be set by the magistrate judge.  Once the unknown party is identified, Plaintiff shall file a Motion for Substitution of the properly identified individual in place of the generic designation in the case caption and throughout the Complaint.

**Pending Motion**

Plaintiff filed a Motion to Appoint Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

**Disposition**

The Clerk is **DIRECTED** to **ADD** Defendant **WARDEN of MENARD CORRECTIONAL CENTER**, in his or her official capacity only, as a party to this action for the sole purpose of responding to discovery aimed at identifying Defendant John Doe with particularity.

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against Defendants **KIMBERLY BUTLER, JOHN BALDWIN,** and **BRUCE RAUNER** because the Complaint states no claim for relief against them in connection with this claim.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** with prejudice against Defendants **JOHN DOE** and **BRUCE RAUNER** because the Complaint states no claim for relief against them in connection with this claim.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review against Defendant **JOHN DOE** once he is properly identified in a Motion for Substitution, and **COUNT 3** shall receive further review against Defendants **KIMBERLY BUTLER** and **JOHN BALDWIN**.  With regard to **COUNTS 2** and **3**, the Clerk shall prepare for Defendants **KIMBERLY BUTLER, JOHN BALDWIN,** and **WARDEN OF MENARD CORRECTIONAL CENTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Orange Crush Tactical Team Member ("John Doe") involved in the incident in Menard's East Cell House on April 1, 2016, until such time as Plaintiff has identified him by name in a properly filed Motion for Substitution.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including discovery aimed at identifying Defendant Doe and a decision on Motion to Appoint Counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2017**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. Chief District Judge**